UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Deborah A. Leonard,

    Plaintiff,

v.

Costa Del Sol Resort Condominium Association, Inc.,

    Defendant.

---

**GENDER DISCRIMINATION AND RETALIATION COMPLAINT
WITH DEMAND FOR JURY TRIAL**

Plaintiff, Deborah A. Leonard, through undersigned counsel, avers:

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 (federal question/arising-under) and 1343(4) (enforcement of civil rights).

2. This action is instituted and authorized pursuant to Sections 706(a)(1) and (b) of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-2(a)(1) and (b), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. This is an action alleging unlawful discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a *et seq.*

3. Venue in this District is proper because, at all relevant times herein, Defendant has been located in this District and has carried out its business in this District. Furthermore, the actions described in this Complaint also took place in this District.

**PARTIES**

1

4. Plaintiff is a person of the full age of majority, domiciled and residing in Palm Beach County, Florida, specifically at 1199 W. Camino Real, Boca Raton, FL 33486.

5. According to Sunbiz.org, the Florida Division of Corporations, the Defendant, Costa Del Sol Resort Condominium Association, Inc. (hereinafter "Costa Del Sol"), is an active Florida Not For Profit Corporation located at 4220 El Mar Dr., Lauderdale-By-The-Sea, FL 33308. That is also its principal address and mailing address listed with Sunbiz.org.

6. Also according to Sunbiz.org, its directors include: Vito Soranno (Treasurer), JB Ali (Vice President), Charles De Jean (Secretary), and Doug Rousell (Director).

## CONDITIONS PRECEDENT

7. Plaintiff has satisfied all conditions precedent to instituting this lawsuit.

8. Plaintiff filed a Charge of Discrimination against Costa Del Sol with the Equal Employment Opportunity Commission (EEOC) within 300 days after being fired.

9. The Charge contained allegations of both gender discrimination and retaliation.

10. Plaintiff has filed this lawsuit within 90 days after receiving a Notice of Right to Sue from the EEOC.

## FACTS

11. Costa Del Sol is an oceanfront resort located at 4220 El Mar Drive, Lauderdale-By-The-Sea, Florida 33308.

12. At all relevant times herein, Costa Del Sol has had at least 15 employees.

13. Costa Del Sol has both rental units and timeshare units, with unit weeks available for purchase.

14. Costa Del Sol operated and managed the resort.

15. Costa Del Sol employed Plaintiff from approximately January 2018 through April 2019, directing the terms and conditions of her employment.

16. From approximately January 2018 through June 2018, Costa Del Sol employed her as its assistant general manager. From approximately July 2018 through April 2019, after being promoted in June 2018, she was employed as its general manager.

17. During the course of her employment, Ms. Leonard carried out her jobs more than satisfactorily. However, she had a confident and "direct" manner of speaking—more common among men than women—by which she was firm with employees that she supervised, did not "beat around the bush," and "told it like it is." Nonetheless, she always communicated in a professional manner.

18. During Ms. Leonard's employment, Costa Del Sol also employed a maintenance supervisor named Julio Recalt.

19. Ms. Leonard supervised Mr. Recalt while she was general manager.

20. From the very beginning of Plaintiff's employment with Costa Del Sol as general manager, Mr. Recalt, for all intents and purposes, rejected her as his supervisor, by frequently acting disrespectfully toward her, looking at her angrily, making curt or snippy comments, and even yelling at her. He also frequently told others (including company bookkeeper Georgette Bilodeau and contractor David Brady) that Ms. Leonard was a "bitch" and/or a "fat bitch." Mr. Recalt also frequently disregarded her instructions. For example, when an elevator shaft was shut down because of concrete restoration, Ms. Leonard told him that it should not be made available for use until the restoration was completely done and the elevator inspection completed. Instead, Mr. Recalt put it into operation before that process was completed.

21. A misogynist, Mr. Recalt wasn't only hostile toward Ms. Leonard, he was also hostile to other women who worked for Costa Del Sol, particularly the female housekeepers. He frequently berated them and treated them unprofessionally. (He also called the housekeeping supervisor, Dottie O'Brien, a "coon"—a derogatory, racist terms for a black woman). Ms. Leonard subsequently directed Mr. Recalt to stop harassing the housekeepers. After she did so, Mr. Recalt increased his negativity toward Ms. Leonard.

22. On or about September 10, 2018, Ms. Leonard wrote up Mr. Recalt for insubordination and vaping on the job.

23. In his refusal to accept a strong woman as his supervisor, Mr. Recalt spread multiple lies about Ms. Leonard: that she wasn't performing her job properly, that she was sleeping with a contractor hired to work for Costa Del Sol, and that she was receiving kickbacks from vendors.

24. On or about March 27, 2019, Mr. Recalt sent a letter to the Board –to which both he and Plaintiff reported—complaining about Ms. Leonard. It was filled with misrepresentations about her job performance. He also misrepresented her performance record when speaking with several unit owners, in an attempt to get her fired.

25. On or about April 16, 2019, Ms. Leonard filed an online complaint of discrimination with the EEOC. She promptly told the president of the Board of Directors that she had done so, and he told the other directors. However, approximately one week later, on or about April 23, 2019, the Board, through a vote by its Board of Directors, knowing that Ms. Leonard had filed the complaint, voted to discharge her. Upon information and belief, the president of the Board had told the other Board members that she had filed the complaint, and/or they learned from the EEOC that she had filed it.

26. The Board never conducted a proper investigation into her allegations that Mr. Recalt disliked her because of her gender and superior position, and never properly investigated whether he had concocted his claims about her.

27. After firing Ms. Leonard, the Board replaced Ms. Leonard with a male, Sal Azemi.

28. Like Mr. Recalt, Board member Vito Soranno (Treasurer) was also a misogynist who was very uncomfortable coordinating and communicating with a strong woman who is confident and direct.

29. Upon information and belief, Mr. Soranno voted for Plaintiff to be fired.

30. Upon information and belief, a bare majority of Board members voted for her to be fired. Therefore, had Mr. Soranno not voted for her to be fired, she would have been retained.

31. Approximately one month before being fired, Mr. Ali, who was Vice President of the Board of Directors, told Jeff Pipes, a contractor who worked for Baer's Furniture and who was frequently on the premises, that Plaintiff was doing a great job as general manager, but that Mr. Recalt did not want to work for her because she is a woman.

32. On or about August 7, 2019, Plaintiff filed a Charge of Discrimination with the EEOC. The Charge covered some information not included in her previous complaint of discrimination e-filed with the EEOC: namely that she had been fired and that it was retaliatory.

**COUNT 1 OF 2: GENDER DISCRIMINATION – TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

33. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 32 stated above.

34. Defendant had 15 or ore employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, within the meaning of 42 U.S.C. § 2000e(b).

35. Costa Del Sol fired Ms. Leonard, a female, in violation of Title VII of the Civil Rights Act, by relying upon the false representations of Mr. Recalt, who it knew or should have known was extremely biased and discriminatory because he could not stand reporting to a strong woman, and because it had a Board member who was a misogynist or male chauvinistic in general and specifically during its deliberations as to whether or not she should be fired. She also complained to the Board of discrimination, but Defendant failed to reasonably investigate her complaints and to undertake prompt, remedial measures to address her concerns.

36. As a direct and proximate result of the unlawful gender discrimination that Defendants allowed and contributed to, Plaintiff has suffered and continues to suffer direct and consequential damages, including those listed in the next paragraph.

37. Defendant's, Mr. Recalt's, and Mr. Soranno's unlawful bias against women was a motivating factor or but-for cause of Plaintiff's termination, and Plaintiff is a victim of Defendant's disparate treatment of women through its ratification of Mr. Recalt and Mr. Soranno's bias and actions.

38. Defendant violated the prohibition in Title VII that makes it unlawful to "discharge any individual, or otherwise discriminate against any individual, with respect to his [or her] compensation, terms, conditions or privileges of employment, because of such individual's…sex…." 42 U.S.C. § 2000-2(a)(1).

39. Defendant's actions were intentional and were done with malice or reckless disregard for Plaintiff's rights under the Civil Rights Act.

40. WHEREFORE, Plaintiff demands a judgment in her favor and against Defendant for all damages in the premises, including, but not limited to, past and future economic and pecuniary damages, past and future compensatory damages, lost back wages, lost future wages, lost earning capacity, lost benefits (including retirement benefits, health insurance, dental insurance, etc.), front pay, emotional distress damages, mental anguish, pain, suffering, inconvenience, loss of enjoyment of life, damage to reputation, humiliation, punitive damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and expenses, equitable relief, declaratory relief, and such other and further relief as the Court may deem proper.

**COUNT 2 OF 2: RETALIATION – TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

41. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 32 stated above.

42. Defendant had 15 or ore employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, within the meaning of 42 U.S.C. § 2000e(b).

43. When Plaintiff reasonably complained of gender discrimination, Defendant unlawfully retaliated against her by terminating her employment, in violation of in violation of Title VII of the Civil Rights Act.

44. As a direct and proximate result of this retaliation, Plaintiff has suffered and continues to suffer direct and consequential damages, including those listed in the next paragraph.

45. Defendant violated the prohibition in Title VII that makes it unlawful for an employer "to discriminate against any of his employees…because [the employee] has opposed any practice made an unlawful practice by this subchapter, or because he has made a charge,

7

testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

46. Defendant fired Plaintiff because she submitted a complaint or related papers against it to the EEOC, and/or complained internally to Defendant of discrimination or unfair treatment because of gender.

47. Defendant's actions were intentional and were done with malice or reckless disregard for Plaintiff's rights under the Civil Rights Act.

48. WHEREFORE, Plaintiff demands a judgment in her favor and against Defendant for all damages in the premises, including, but not limited to, past and future economic and pecuniary damages, past and future compensatory damages, lost back wages, lost future wages, lost earning capacity, lost benefits (including retirement benefits, health insurance, dental insurance, etc.), front pay, emotional distress damages, mental anguish, pain, suffering, inconvenience, loss of enjoyment of life, damage to reputation, humiliation, punitive damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and expenses, equitable relief, declaratory relief, and such other and further relief as the Court may deem proper.

## JURY DEMAND

49. Plaintiff requests a trial by jury for all counts so triable as a matter of right.

Respectfully submitted:

s/ Steven F. Grover

_____
Steven F. Grover (FL Bar No. 131296)
Steven F. Grover, PA
507 S.E. 11th Ct.
Fort Lauderdale, FL 33316
Tel.: 954-290-8826
E-mail: stevenfgrover@gmail.com
*Plaintiff's Counsel*

Leonard.Complaint.122220